**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

------

No. 25-10646
Non-Argument Calendar

------

DENNIS G. DEPPE,

*Plaintiff-Appellant,*

*versus*

SANDRA N. SOVINSKI,
SVETLANA S. SHTROM,
  Individually,

*Defendants-Appellees.*

------

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-01484-JSS-UAM

------

Before ABUDU, ANDERSON, DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Dr. Dennis Deppe, proceeding *pro se*, appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint with prejudice after finding that Sandra Sovinski, the University of Central Florida's ("UCF") deputy general counsel of research, and Svetlana Shtrom, UCF's director of the Office of Technology Transfer, were entitled to qualified immunity. On appeal, Deppe argues that Sovinski and Shtrom were not entitled to qualified immunity because they committed patent fraud and perjury by filing documents with the United States Patent and Trademark Office ("USPTO") that asserted UCF's ownership of an invention his company had developed. He also argues that Sovinski was not entitled to qualified immunity because she had evicted his company from its lease of UCF lab space in retaliation for his complaint to state officials. Having read the parties' briefs and reviewed the record, we affirm the district court's order dismissing Deppe's complaint with prejudice.

## I.

We review de novo a district court's order granting a motion to dismiss, accepting all facts in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). Federal Rule of Civil Procedure 12(b)(6) permits a party to move the district court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. For the purposes of a motion to dismiss, courts must accept all factual allegations in the complaint as true, but courts are not bound to accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference. *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1949-50.

## II.

Section 1983 of Title 42 of the United States Code provides a cause of action for private citizens against persons acting under color of state law for violating their constitutional rights and other federal laws. 42 U.S.C. § 1983. When a government official is sued in his individual capacity for an alleged violation of a constitutional right, the claim must be dismissed if the defendant can establish his entitlement to qualified immunity. *Randall*, 610 F.3d at 714. Qualified immunity "offers complete protection for individual government officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quotation marks omitted). It is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985) (emphasis omitted). When properly applied, the doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the

law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 2085 (2011) (citation and quotation marks omitted).

Once the defendant official shows that he acted within his discretionary authority, courts "look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Estate of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018) (quotation omitted). Once this is established, the burden shifts to the plaintiff to "show that qualified immunity should not apply." *Lewis*, 561 F.3d at 1291. To overcome qualified immunity, the plaintiff must allege facts establishing two prongs: (1) that there was a violation of a constitutional right by the defendant official; and (2) that the constitutional right violated was "clearly established" in law at the time of the alleged misconduct. *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). We may affirm a grant of qualified immunity by addressing either prong or both. *Id.*

As to the first prong, the threshold inquiry "is whether [the] plaintiff's allegations, if true, establish a constitutional violation" by the defendant official. *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S. Ct. 2508, 2513 (2002). As to the second prong, the contours of the constitutional right at issue must be so clear "that every objectively reasonable official standing in the defendant's place would be on notice that what the defendant official was doing would be clearly unlawful given the circumstances." *Long v. Slaton*, 508 F.3d 576, 584

25-10646                Opinion of the Court                        5

(11th Cir. 2007) (quotation marks omitted).  The right "must be well-established enough that every reasonable official would have understood that what [they are] doing violates that right," and "existing precedent must have placed the statutory or constitutional question beyond debate and thus given the official fair warning that [their] conduct violated the law." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (emphasis and quotations omitted).

A right can be clearly established in one of three ways: the plaintiff must point to either (1) "case law with indistinguishable facts clearly establishing the constitutional right"; (2) "a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right"; or (3) "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis*, 561 F.3d at 1291-92 (citations omitted).  A decision from the United States Supreme Court, us, or the highest court in a state in which the case arose is necessary to "clearly establish" the law. *Gates*, 884 F.3d at 1296.  When the plaintiff relies on a general rule to show that the law is clearly established, it must "appl[y] with obvious clarity to the circumstances." *Long*, 508 F.3d at 584 (quotation marks omitted).

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  However, a court may not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (quotation marks omitted).  "[I]ssues not briefed on

6                    Opinion of the Court                    25-10646

appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it," such as by making only passing references to the court's holding without advancing any arguments or citing any authorities to establish that they were erroneous. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted).

Here, the record demonstrates that the district court properly found that Sovinski and Shtrom had acted within their discretionary authority by making USPTO filings and canceling Deppe's company's lease of UCF lab space. Deppe's complaint conceded that Sovinski and Shtrom were state employees who acted at all relevant times under color of state law. The district court properly found that Sovinski had discretionary authority to make USPTO filings and terminate Deppe's lease on UCF's behalf based on her position as deputy general counsel of research. As director of the OTT, Shtrom similarly had discretionary authority to make USPTO filings. The USPTO filings attached to Deppe's complaint verify that they asserted UCF's ownership interests in the patents and signed filings under their position's titles.

Because Sovinski's and Shtrom's challenged actions were taken within the scope of their discretionary authority, Deppe carries the burden to establish that they violated his clearly established constitutional rights. He fails to meet his burden. Deppe does not cite any supporting case law from the United States Supreme Court

25-10646               Opinion of the Court                    7

or this court to support his position.  Thus, we conclude that the district court did not err in dismissing Deppe's complaint based on qualified immunity.

Based on the aforementioned reasons, we affirm the district court's order dismissing Deppe's §1983 complaint with prejudice.

**AFFIRMED.**